**DENY; and Opinion Filed December 9, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01390-CV

### IN RE SUGAR RAY FRANKLIN, Relator

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-55114-T**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Brown
Opinion by Justice Brown

Before the Court is relator's November 28, 2016 "application for writ of mandamus" in which relator asks the Court to order the trial court to take certain actions, including providing him with a copy of an affidavit the trial court relied on in issuing findings of fact and conclusions of law related to its denial of a petition for writ of habeas corpus and with a copy of grand jury transcript in cause number F11-55114-T. The petition does not contain the certification, appendix, or record required by rules of appellate procedure 52.3(j), 52.3(k), and 52.7. Those deficiencies alone are sufficient to deny the petition but, in the interest of judicial economy, we will address the merits of the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus

record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228, 229 (Tex. App.— Amarillo 2001, orig. proceeding). To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must provide evidence to establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Chavez*, 62 S.W.3d at 229. No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.–Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.–Waco 2008, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.— Houston [1st Dist.] 1992, orig. proceeding).

Relator has not established his right to mandamus relief. He has provided the Court with no evidence that he filed the objections to the trial court's findings and conclusions, that he requested a copy of the affidavit attached to the findings, that he filed the request for the grand jury transcript, or that he has brought the objections, motions, and requests to the trial court's attention and has asked for a hearing or ruling. This is fatal to his petition. *See In re Harris*, No. 14–07–231–CV, 2007 WL 1412105, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (holding relator not entitled to mandamus relief when record did not show relator alerted trial court of motion by setting for submission or hearing). Moreover, the petition is premature because relator purportedly submitted his motion requesting the grand jury transcript on October 13, 2016 and, therefore, the trial court has not unreasonably delayed in issuing its

ruling. *See, e.g. In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (noting trial courts are entitled to a reasonable time in which to rule and determining sixth month delay not unreasonable). The same is true regarding relator's objections to the findings of fact and conclusions of law, which relator purportedly submitted sometime after October 31, 2016.

Accordingly, we deny relator's application for writ of mandamus.

/Ada Brown/
ADA BROWN
JUSTICE

161390F.P05