**Denied in Part, Dismissed in Part, and Opinion Filed June 25, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00688-CV

### IN RE PATRICK BOUVIA KIMBLE, Relator

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-95-01665-LN**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Lang

In this original proceeding, relators seeks a writ directing the trial court to rule on a motion for judgment nunc pro tunc purportedly sent to the trial court in April 2018. Relator also asks this Court to determine that the trial court did not make proper findings of fact and conclusions of law in relation to relator's 1997 conviction and judgment.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding)

(mem. op.). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). Accordingly, to be entitled to mandamus relief compelling a trial court to rule on a motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion because the motion was properly filed and timely presented, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable period of time. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the motion for judgment nunc pro tunc, requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's requests within a reasonable time. Tex. R. App. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus as to his request for a writ directing the trial court

to rule on the motion for judgment nunc pro tunc. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

Relator also complains that the trial court did not issue proper findings of fact and conclusions of law in relation to the 1997 conviction and judgment. Relator seeks a writ of mandamus finding that the trial court failed to make proper findings of fact and conclusions of law. These complaints constitute a collateral attack on a final conviction and, therefore, fall within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction felony proceedings. *Id*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Accordingly, we dismiss this proceeding for want of jurisdiction to the extent relator seeks a writ finding that the trial court failed to issue proper findings of fact and conclusions of law.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

180688F.P05

–3–