**Conditionally Granted and Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01392-CV
No. 05-18-01393-CV

**IN RE HOWARD HOLLAND, Relator**

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 31608-422 and 31609-422**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

In this original proceeding, relator complains that the trial court has failed to rule within a reasonable time on relator's post-conviction motion for forensic DNA testing pursuant to Chapter 64 of the code of criminal procedure. After reviewing the petition, the State's response, and the mandamus record, we conclude relator is entitled to the relief requested, and we conditionally grant the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that he has no adequate remedy at law and what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim.

App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05-15-01421-CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op., not designated for publication). No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex.1992); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

Here, relator filed a Chapter 64 motion on June 14, 2018. Thereafter, on August 17, 2018 and October 25, 2018, relator sent letter requests to the trial court requesting a ruling on the Chapter 64 motion. In the letter requests, relator asserted that the motion was ripe for ruling because the State had failed to respond to the motion within sixty days as required by articles 64.02(a)(2). TEX. CODE CRIM. PRO. art. 64.02(a)(2) (the State must take one of two actions in response to the motion

no later than the 60th day after service of the motion); *Id.* art. 64.02(b) (the trial court may proceed under article 64.03 after the response period has expired). Holland properly and timely filed the motion and requested a ruling from the trial court. The trial court has had a reasonable time in which to rule on the motion but has taken no action. Under this record, we conclude the trial court has violated its ministerial duty to rule on Holland's Chapter 64 motion within a reasonable time.

Accordingly, we conditionally grant Holland's petition for writ of mandamus and direct the trial court to issue a written ruling on relator's motion for forensic DNA testing within thirty days of the date of this opinion. A writ will issue if the trial court fails to comply.

/Ada Brown/
ADA BROWN
JUSTICE

181392F.P05

–3–