

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00443-CV

_____

IN RE MELANIE LAKE ARRINGTON SMITH, RELATOR

Original Proceeding
Arising from Proceedings Before the 223rd District Court
Gray County, Texas
Trial Court No. 38714; Honorable Phil N. Vanderpool, Presiding

March 22, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

By this original proceeding, Relator, Melanie Lake Arrington Smith, seeks a writ of mandamus to compel the Honorable Phil N. Vanderpool to rule upon discovery motions she contends are relevant to the ongoing management of her father's estate that is the subject of the underlying dispute. Smith contends the trial court has a ministerial duty to rule upon those motions. The Real Party in Interest, William M. Arrington, insists that

Smith has not shown herself entitled to the relief requested. For the reasons that follow, we deny Smith's requested relief.

BACKGROUND

Smith and Arrington are siblings. Their parents amassed profitable oil and gas and other business interests. Their mother suffered a stroke in 2008. Smith alleged that after the stroke, her father engaged in various business transactions to Smith's detriment that benefitted her brother.

The mother passed away in 2009, and the father was appointed independent executor of her estate. Under the terms of the mother's will, she bequeathed her personal property to her children in equal shares, including all insurance policies on the life of her husband.

During probate of the mother's estate, the father claimed a community interest in a life insurance policy on his life issued by Jackson National Life Insurance for approximately $1,000,000. As executor, the father requested that Smith sign papers affecting her interest in the policy, which she refused to do.

Smith contacted the insurance company only to learn that the policy was no longer in existence. Initially, the insurance company refused to provide Smith and Arrington with any information or documentation regarding the policy and Smith believed that her father had wrongfully tendered the policy for its cash value and retained the proceeds thereof to her detriment. Smith later learned through discovery that her father allowed the policy to lapse and his efforts to reinstate the policy with her brother as the sole beneficiary had failed.

Smith and Arrington's father passed away on November 11, 2016. His *Last Will and Testament* appointed Arrington as Independent Executor of his estate. Except for certain photos and oil, gas, and mineral interests in the State of Oklahoma given to Smith, Arrington inherited his father's estate.[1]

Dissatisfied with the management of her father's estate, Smith filed suit against her brother as executor of the estate on December 14, 2016. She alleged breach of fiduciary duty and conversion. By her second amended petition,[2] she asserted that her father and brother consisted of "two generations of scheming, stealing, and self-dealing" that violated her mother's wishes to distribute certain assets to both her children in equal shares. She alleged breach of fiduciary duty, negligence for her father's failure to maintain the Jackson National Life Insurance Policy as well as fraud, fraudulent inducement, conversion, promissory estoppel, and civil conspiracy.

In January and February 2018, Smith served Arrington with six sets of *Requests for Admission*. Arrington responded with nine motions for protection and a motion to quash Smith's discovery requests. He asserted the requests had no bearing on Smith's suit and were "deliberately harassing." Initially, the trial court set a hearing on the motions for April 11, 2018, but then vacated that hearing. The court explained it needed "time to review the files more thoroughly" and would then notify counsel which motions would be heard. The court noted that pending motions would be considered "BY SUBMISSION

---

[1] On April 1, 2018, Arrington assigned the State of Oklahoma interests to Smith.

[2] Arrington references a third amended petition filed by Smith but provides an incorrect page citation to the voluminous mandamus record.

ONLY" and that a ruling would be based on the submissions by counsel. The parties submitted written arguments in support of their respective positions.

With discovery requests going unanswered and pending motions yet to be ruled on, Smith, with the consent of Arrington's counsel, requested a status conference in October 2018. A month later, Smith requested a ruling from the trial court. As of the date of the filing of this mandamus proceeding on December 18, 2018, the trial court had not responded to the requests nor ruled on any pending matters.

Smith asserts the trial court has abused its discretion in failing to perform the ministerial duty of ruling on pending motions and that she has no adequate remedy at law. She argues that discovery is at a standstill in the ongoing administration of her father's estate.

MANDAMUS RELIEF

When a motion is properly filed and pending before a trial court, the act of ruling upon that motion is generally a ministerial act and mandamus may issue to compel the trial court to act. *See Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). In order to obtain mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding). It is a relator's burden to provide the appellate court with a record sufficient to establish a right to relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992)

4

(orig. proceeding); *In re Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding). A trial court is required to consider and rule upon a properly-filed motion within a reasonable period of time. *Safety-Kleen Corp.*, 945 S.W.2d at 269. That does not mean, however, that a litigant is entitled to a hearing, or a ruling, at a time of her choosing. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court must be afforded a reasonable opportunity to meaningfully consider the motion and issue a ruling. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). Whether a reasonable period of time has lapsed is a matter dependent upon the circumstances of each case and there can be no bright-line rule separating a reasonable period of time from an unreasonable one. *In re Chavez*, 62 S.W.3d at 228. Other circumstances to consider in determining whether a "reasonable" period of time has lapsed include the trial court's knowledge of the pending motion, an overt refusal to act, the state of its docket, and other judicial and administrative responsibilities. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding).

ANALYSIS

In the underlying case, it is undisputed that the trial court is aware of Smith's pending discovery requests and other discovery-related motions. She requested a status conference in October 2018, and on November 28, 2018, Smith's counsel wrote the trial court to "follow up on" the joint request for a status conference. In that same letter,

5

counsel specifically requested a ruling on the pending matters. Since original submission in April 2018, the parties have twice jointly asked the trial court for a ruling; however, to date, the trial court has not ruled.

As stated above, in order to compel a trial court to consider and rule upon a pending motion, Smith was required to establish: (1) her motions were properly filed and had been pending for a "reasonable" period of time, (2) she requested a ruling, and (3) the trial court refused to issue a ruling. Here, there is no question that motions had been properly filed and brought to the trial court's attention. Also, it is undisputed that Smith has requested a ruling on the motions.

The element that Smith has failed to establish to show entitlement to mandamus relief is a refusal by the trial court to rule on pending matters within a reasonable period of time. As Arrington points out, when the trial court advised the parties it would not be conducting an oral hearing, it also advised the parties it needed "time to review the files more thoroughly." It also noted that a ruling would be based on the parties' submissions. Nothing in the mandamus record indicates a refusal by the trial court to issue a ruling.

Additionally, Smith has not presented this court with any proof of the overall state of the trial court's docket and the existence of other judicial and administrative responsibilities before it to aid this court in determining whether a "reasonable" period of time has lapsed without issuance of a ruling. Based on the record before us and the facts and circumstances of this particular case, we cannot ascertain with any degree of certainty whether the trial court has abused its discretion in failing to issue a ruling on the pending motions as to compel relief by writ of mandamus.

We note, however, that since the filing of this petition for writ of mandamus on December 18, 2018, an additional three months have lapsed without a ruling, making the amount of time that has lapsed since the pending matters were filed almost twelve months. *See In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding) (holding that an eighteen-month delay was unreasonable). The trial court is encouraged to consider the pending matters and act as soon as practicable given the complexity of the underlying case and the court's other duties. This court is not opposed to the consideration of a subsequent request for mandamus relief should excessive further delays rise to the level of being considered an implicit refusal to act on the pending motions.

CONCLUSION

Smith's petition for writ of mandamus is denied.

Per Curiam