**CONDITIONALLY GRANT; and Opinion Filed April 15, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00243-CV

### IN RE JOHN EDWARD HINES, JR., Relator

**Original Proceeding from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 046853**

## MEMORANDUM OPINION
Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

In this original proceeding, relator complains that the trial court has failed to rule within a reasonable time on relator's post-conviction motion for judgment nunc pro tunc. By order dated March 1, 2019, we requested responses to the petition for writ of mandamus from the real party in interest and respondent. The responses were due on March 22, 2019, but none were filed. After reviewing the petition and the mandamus record, we conclude relator is entitled to the relief requested, and we conditionally grant the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that he has no adequate remedy at law and what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim.

App. 2011) (orig. proceeding) (Alcala, J., concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05-15-01421-CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

Here, relator's certified mandamus record includes copies of a motion for judgment nunc pro tunc dated August 24, 2018, and letter requests to the trial court dated September 27, 2018 and November 7, 2018 requesting a hearing on the August 24, 2018 motion for judgment nunc pro tunc. The trial court has had a reasonable time in which to rule on the motion but has taken no

action. Under this record, we conclude the trial court has violated its ministerial duty to rule on relator's motion for judgment nunc pro tunc within a reasonable time.

Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the trial court to issue a written ruling on relator's motion for judgment nunc pro tunc within thirty days of the date of this opinion. A writ will issue if the trial court fails to comply.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

190243F.P05