**DENY; and Opinion Filed May 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-19-00355-CV

_____

### IN RE QUINCY BLAKELY, Relator

**Original Proceeding from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F15-18020**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

Relator Quincy Blakely has been charged with the offense of assault of a public servant. The case proceeded to trial on May 14, 2018 and ended in a mistrial. The case was set for re-trial on April 29, 2019. In this original proceeding, relator complains that the trial court has not set his December 10, 2018 motion to suppress for hearing and has not ruled on his January 30, 2019 motion for discovery and inspection.

To establish a right to mandamus relief in a criminal case, the relator must show that he has no adequate remedy at law and what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding); *In re Flores*, 05–16–00210–CV, 2016 WL 890969, at *1 (Tex. App.–Dallas Mar. 9, 2016, orig. proceeding) (citing *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding)). Under this record, we conclude relator is not entitled to the relief requested.

First, relator has not shown the trial court has failed to perform a ministerial act. A trial court may resolve a motion to suppress in a pretrial hearing, but it is not required to do so. *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012); *see Russell v. State*, 904 S.W.2d 191, 200 (Tex. App.—Amarillo 1995, pet. ref'd). Rather, the trial court has discretion to choose to "carry the motion over for trial" or even choose to begin a suppression hearing pretrial, and then reopen the matter during trial. *Black*, 362 S.W.3d at 633, 634; *see Russell*, 904 S.W.2d at 200. The trial court, therefore, does not have a ministerial duty to hear relator's motion to suppress before trial. Similarly, a trial court's acts involving discovery under article 39.14 of the Texas Code of Criminal Procedure are generally discretionary and not subject to a writ of mandamus. *Dickens v. Court of Appeals for the Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 552 (Tex. Crim. App. 1987).

Second, the trial court has not been given a reasonable time to rule on the discovery motion or has not refused to rule. A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05-15-01421-CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). To

establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex.1992); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Here, the trial court has not refused to rule, has not refused to set the motion for hearing, has not failed to rule within a reasonable time, and has discretion regarding when and how to rule on the motion. Relator has, therefore, not established a right to mandamus relief regarding the discovery motion.

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Leslie Osborne/  
LESLIE OSBORNE  
JUSTICE

190355F.P05