**In re Robert O. CRAIG, Relator.**

No. 01–11–00964–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 2012.

Robert O. Craig, Beeville, TX, for Relator.

Jim Leitner, Patricia R. Lykos, Harris County District Attorney's Office, First Assistant, Houston, TX, for Real Party Interest.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

PER CURIAM.

Relator, Robert O. Craig, petitioned for writ of mandamus asking that we compel the trial court to rule on his September 30, 2011 motion for judgment nunc pro tunc.[1]

Mandamus may issue to compel a trial court to rule on a motion for judgment nunc pro tunc addressing jail-time credit which has been pending before the court for a reasonable period of time. *See Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex.Crim.App.2004). However, to obtain mandamus relief for the trial court's refusal to rule on such a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a rul-

---

**1.** The underlying case is *State of Texas v. Robert O. Craig*, No. 1278492 (337th Dist. Ct., Harris Cnty., Tex.), the Honorable Herb Ritchie, presiding.

ing on the motion; and (3) the trial court refused to rule. *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex.App.-Waco 2008, orig. proceeding); *see In re Hearn,* 137 S.W.3d 681, 685 (Tex.App.-San Antonio 2004, orig. proceeding). The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *Sarkissian,* 243 S.W.3d at 861; *Hearn,* 137 S.W.3d at 685. The relator has the burden of providing a record establishing that his motion has awaited disposition for an unreasonable time. *In re Mendoza,* 131 S.W.3d 167, 168 (Tex. App.-San Antonio 2004, orig. proceeding); *see also* TEX.R.APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding . . . ."). The relator has failed to establish the required elements.

Furthermore, relator's petition is procedurally defective. *See, e.g.,* TEX.R.APP. P. 9.5(a), (d), (e) (requiring proof that copies of documents presented to court for filing were served on all parties to proceeding); TEX.R.APP. P. 52.3(a) (requiring that petition include complete list of parties); TEX. R.APP. P. 52.3(b)-(f) (requiring that petition include table of contents, index of authorities, statement of case, statement of jurisdiction, and issues presented); TEX.R.APP. P. 52.3(h) (requiring that petition include appropriate citations to authorities and appendix or record materials); TEX.R.APP. P. 52.3(j) (requiring that relator certify he reviewed petition and concluded that every factual statement is supported by competent evidence included in appendix or record); TEX.R.APP. P. 52.3(k) (requiring that appendix include *certified or sworn copy* of any document showing matter complained of) (emphasis added); TEX.R.APP. P. 52.7 (requiring relator to file record with petition).

Accordingly, we deny the petition for writ of mandamus. Any pending motions are dismissed as moot.