**Denied and Opinion Filed February 8, 2018**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00077-CV

### IN RE JONATHAN PUCKETT, Relator

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F14-61028-K**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Schenck
Opinion by Justice Evans

In this original proceeding, relator seeks a writ of mandamus directing the trial court to hold hearings on unspecified motions purportedly filed by relator. Relator states in his petition that "correspondence with court appointed counsel has been inadequate to resolve this issue." Relator is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). If relator is represented by counsel in the trial court, relator may not file a pro se petition for writ of mandamus and we may deny the petition on that ground alone. *See, e.g., In re Jackson*, No. 05-02-00106-CV, 2002 WL 172133, at *1 (Tex. App.—Dallas Feb. 5, 2002, orig. proceeding) (mem. op.) (denying pro se petition for writ of mandamus where relator was represented by counsel in trial court). However, in the interest of judicial economy, we will also address the petition on the merits.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel.*

*Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op., not designated for publication). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the motions, requested the trial court to rule on the motions and/or hold a hearing on the motions, and the trial court refused to rule or failed to rule within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). Relator's petition does not include a record showing that he is entitled to mandamus relief. *See In re Harris*, No. 14–07–231–CV, 2007 WL 1412105, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (mem. op.) (holding relator not entitled to mandamus relief when record did not show relator alerted trial court of motion by setting it for submission or hearing).

Accordingly, we deny relator's petition for writ of mandamus.

/David Evans/
DAVID EVANS
JUSTICE

180077F.P05