**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 17, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00343-CR

## IN RE JAMES OLIVER CHARLES, JR., Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
405th District Court
Galveston County, Texas
Trial Court Cause No. 17-CR-0273**

## MEMORANDUM OPINION

On April 30, 2018, relator James Oliver Charles, Jr. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator complains that the presiding judge of the 405th District Court of Galveston County has not ruled on his petition for writ of habeas corpus, in which relator claims he should be released based on

time served and good-time credit.[1]  Relator requests that this court compel the trial court to show cause why relator continues to be detained purportedly in violation of Texas law.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act.  *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).  A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act.  *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time.  *Id.*  It is relator's burden to provide a sufficient record to establish that he is entitled to relief.  *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  Relator has failed to do so.  Relator has not provided this court with a file-stamped copy of his habeas corpus petition.  *See Henry*, 525 S.W.3d at 382.  In the absence of a file-stamped copy of relator's petition, relator has not established that the petition is actually pending in the trial court.

---

[1] Relator did not provide this court with a copy of his petition for writ of habeas corpus.

Even if relator had established that his petition is properly pending, he has not demonstrated that his habeas corpus petition was properly presented to the trial court for a ruling. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding). The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Moreover, a trial court has a reasonable time in which to consider and rule on a motion. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). Relator states that he filed his habeas corpus petition in the trial court on April 30, 2018—the same day relator filed his mandamus petition in this court. Therefore, even if relator could establish that his habeas corpus petition is pending in the trial court and has been presented to the court, relator has not shown that an unreasonably long period of time has lapsed since presentation of the petition without a ruling so as to justify the extraordinary remedy of mandamus.

Finally, although the appellate court has jurisdiction to compel the trial court to rule on a properly pending motion, the court may not direct the trial court on how to the motion. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Thus, even if relator met all the requirements for establishing that the trial court abused its discretion by not ruling on his habeas corpus petition, we cannot tell the trial court how to rule on relator's habeas corpus petition.

3

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Busby, Brown, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).