**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 2, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00593-CR

---

## IN RE GERALD J. DURDEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 905464**

---

## MEMORANDUM OPINION

On July 20, 2018, relator Gerald J. Durden filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Katherine Cabaniss, presiding judge of the 248th District Court of Harris County, to rule on his motion for post-conviction DNA testing.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator attached a file-stamped copy of his motion for post-conviction DNA testing with his petition, showing that the motion was filed on June 11, 2018. However, relator has not shown that his motion was properly presented to the trial court for a ruling. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding). Relator included three letters to the trial court which contain requests for the trial court to rule on his motion, but none of the letters are file-stamped. Thus, relator has not shown that he requested the trial court to rule on his motion. The trial court is not required to consider a motion that has not been called to its attention by proper means. *Henry*, 525 S.W.3d at 382.

2

Moreover, a trial court has a reasonable time in which to consider and rule on a motion. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). Even if relator could establish that his motion for post-conviction DNA testing had been presented to the trial court, relator has not shown that his motion has been pending for an unreasonably long period of time since the presentation of the motion without a ruling so as to justify the remedy of mandamus.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).