**Denied and Opinion Filed August 17, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00879-CV
### No. 05-18-00880-CV

## IN RE JOSE WILLIAM PATINO, Relator

**Original Proceeding from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. MC17A8234 and MC17A8235**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on relator's article 11.072 petition for writ of habeas corpus. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). A trial court has a reasonable time within which to consider a motion and to rule. *In*

*re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). Accordingly, to be entitled to mandamus relief compelling a trial court to rule on a motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion because the motion was properly filed and timely presented, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable period of time. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the petition for writ of habeas corpus, requested a hearing and/or ruling on the petition, and the trial court has failed to act on relator's requests within a reasonable time. Tex. R. App. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE

180879F.P05