**Denied and Opinion Filed September 4, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00993-CV
No. 05-18-00994-CV

## IN RE SHEMONT JAYRON GULLATT, Relator

**Original Proceeding from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-11-61616-W and F-11-70820-W**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Schenck
Opinion by Justice Bridges

In this original proceeding, relator seeks a writ of mandamus directing the trial court to

hold hearing on relator's motion for forensic DNA testing. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the

trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel.*

*Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a

ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young*

*v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.

proceeding). To be properly filed and timely presented, a motion must be presented to a trial court

at a time when the court has authority to act on the motion. *See In re Hogg–Bey,* No. 05–15–

01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding)

(mem. op.). A trial court has a reasonable time within which to consider a motion and to rule. *In*

*re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). Accordingly, to be entitled to mandamus relief compelling a trial court to rule on a motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion because the motion was properly filed and timely presented, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable period of time. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator requested a hearing and/or ruling on the motion. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). Further, a trial court is not required to hold a hearing on a Chapter 64 motion for forensic DNA testing. *Ex parte Gutierrez*, 337 S.W.3d 883, 893 (Tex. Crim. App. 2011). As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180993F.P05