**Denied and Opinion Filed October 1, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01077-CV
No. 05-18-01078-CV

**IN RE HOWARD HOLLAND, Relator**

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 31608-422 and 31609-422**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Whitehill

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on a motion for post-conviction DNA testing under Chapter 64 of the code of criminal procedure. Relator asserts that he filed the motion on June 14, 2018, requested a ruling on August 14, 2018, and the trial court has failed to rule on the motion. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Timms*, No. 05–16–00129–

CV, 2016 WL 542112, at *1 (Tex. App.—Dallas Feb. 11, 2016, orig. proceeding) (mem. op.); *see also In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet, the motion, or other proof that establishes relator filed the motion, requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). Further, the trial court has not been given a reasonable amount of time to rule on the motion assuming relator filed the motion on June 14, 2018 and requested a ruling on August 14, 2018. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Bill Whitehill/

BILL WHITEHILL
JUSTICE

181077F.P05