**DENY; and Opinion Filed October 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01137-CV

### IN RE TEMMIE GENE CROW, Relator

**Original Proceeding from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 065451**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

In this original proceeding, relator complains that the trial court has not ruled on two motions seeking an amended judgment that relator purportedly mailed to the trial court on April 23, 2018 and August 13, 2018. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the motions, requested a hearing and/or ruling on the motions, and the trial court has failed to act on relator's requests within a reasonable time. This record is insufficient to establish that the motions were properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

181137F.P05

–2–