**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 22, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00621-CR**

---

**IN RE ALEXANDER BRETT GANN, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1518851**

---

## MEMORANDUM OPINION

On August 13, 2019, relator Alexander Brett Gann filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the

177th District Court of Harris County, to rule on relator's motions, which relator claims are  pending in the trial court.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act.  *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).  A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act.  *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time.  *Id.*  It is a relator's burden to provide a sufficient record to establish that relator is entitled to relief.  *Id.*  Relator has failed to do so.  Relator has not attached any file-stamped copies of the motions in question or provide this court with copies of any motions.  In the absence of file-stamped copies of the motions, relator has not established that his motions are actually pending in the trial court.

Even if relator had established that his motions are properly pending, he has not demonstrated that his motions were properly presented to the trial court for rulings.  Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court.  *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding).  The trial court is not required to consider

2

any motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Moreover, to the extent that relator asks this court to direct the trial court regarding how to rule on relator's motions, we may not tell the trial court how to rule on the motions. *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).

3