**Petition for Writ of Mandamus Denied and Opinion and Concurring Opinions filed November 5, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00710-CR

### IN RE ANDREW PETE, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1535047**

## OPINION

On September 17, 2019, relator Andrew Pete filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, to rule on relator's motions, which he claims are pending in the trial court.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is a relator's burden to provide a sufficient record to establish that relator is entitled to relief. *Id.* Relator has failed to do so. Relator has not attached any file-stamped copies of the motions in question. In the absence of file-stamped copies of the motions, relator has not established that his motions are actually pending in the trial court.

Even if relator had established that his motions are properly pending, he has not demonstrated that his motions were properly presented to the trial court for rulings. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) ("The mere filing of a motion with the trial court clerk does not equate to a request that the trial court rule on the motion."). The trial court is not required to consider any motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Spain, and Poissant (Spain, J., concurring) (Poissant, J., joining both the Opinion and Concurring Opinion).

Publish—Tex. R. App. P. 47.2(b).