

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00425-CV

———————————————

IN RE CORY RAY SHELBY, Relator

---

Original Proceeding
Trial Court No. 1601893

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Relator Cory Ray Shelby submitted a pro se petition for writ of mandamus to this court on November 4, 2019. Shelby asks us to compel the trial court to rule on his multipart motion, which is styled as a "Request to Address Court," and which requests several different forms of relief. In particular, Shelby's motion requests opportunities (1) to represent himself, (2) to depose a witness, and (3) "to object [to] evidence deemed insufficient and/or illegal seized [sic] that state wishes to use against him." Shelby asserts that because the trial court has failed to fulfill its ministerial duty to rule on his motion, he should be entitled to mandamus relief.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. *In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig. proceeding); *see State v. Sanavongxay*, 407 S.W.3d 252, 258 n.9 (Tex. Crim. App. 2012); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam) (op. on reh'g). The relator has the burden of providing a certified or sworn record to establish that his motion has awaited disposition for an unreasonable time. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Mendoza*, 131

2

S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a).

There are multiple reasons why we cannot grant Shelby the relief he seeks. First, to the extent that Shelby wishes to compel a ruling on his motion to represent himself, he has failed to meet his burden to furnish this court with a record supporting his claim. *See Craig*, 426 S.W.3d at 107. The record in this case fails to include a file-stamped copy of the motion. Without this, we have no means of knowing whether, and when, the motion was filed. *See In re Bath*, No. 13-15-00140-CR, 2015 WL 1517248, at *1–2 (Tex. App.—Corpus Christi–Edinburg Apr. 1, 2015, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying a pro se mandamus petition seeking to compel the trial court to rule on a motion due to relator's failure to supply a file-stamped copy of the motion).

Second, even if the copy of the motion that appears in the record were file-stamped, the content of the motion suggests that there has not been an unreasonable delay. At the top of the motion is the handwritten date "October 30th 2019." Shelby submitted his petition for mandamus relief to this court on November 4, 2019. Thus, even assuming that the motion was filed on October 30, 2019, we cannot say that a delay of five days is in any way unreasonable. *See In re Luevano*, No. 08-03-00483-CR, 2003 WL 22870800, at *1 (Tex. App.—El Paso Dec. 4, 2003, orig. proceeding) (mem. op., not designated for publication) (concluding that a delay of "less than three months" in ruling on the relator's motions to represent himself was not unreasonable).

3

Third, at present, Shelby is still represented by counsel. Thus, to the extent that Shelby seeks to depose witnesses and examine evidence, he is not entitled to proceed pro se and to be represented by counsel at the same time. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004). Because Shelby has no right to hybrid representation, these aspects of Shelby's mandamus petition will be treated as presenting nothing for our consideration. *See id.*

The court, having examined and fully considered the petition for writ of mandamus, is of the opinion that Shelby has not met his burden to obtain relief. Accordingly, the petition for writ of mandamus is denied.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: December 4, 2019