**Affirmed and Memorandum Opinion filed January 30, 2024.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00062-CR

**HARRY GOSS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1589266**

## MEMORANDUM OPINION

A jury found appellant guilty of aggravated sexual assault and assessed punishment at confinement for twenty-seven years. In two issues, appellant contends that the trial court erred by denying his motion for new trial because (1) the trial court violated his Sixth Amendment right to counsel by removing his court-appointed counsel; and (2) appellant's trial counsel rendered ineffective assistance. We affirm.

## I.    STANDARD OF REVIEW: MOTION FOR NEW TRIAL

We review a trial court's ruling on a motion for new trial under a deferential standard. *See Najar v. State*, 618 S.W.3d 366, 372 (Tex. Crim. App. 2021). The trial court's ruling will be reversed only for an abuse of discretion, i.e., if the ruling is arbitrary or unsupported by any reasonable view of the evidence. *Id.* The trial court is the exclusive judge of the credibility of the evidence, regardless of whether the evidence is controverted. *Id.* A trial court is not required to believe evidence offered in connection with a motion for new trial merely because it is uncontroverted. *Id.*

## II.    SIXTH AMENDMENT RIGHT TO COUNSEL

In his first issue, appellant contends that the trial court violated his Sixth Amendment right to counsel by removing his court-appointed counsel.

### A.    Background

At a hearing on his motion for new trial, appellant adduced evidence that in May 2018, the 230th District Court appointed an attorney, Neal Davis, to represent appellant in this case. Over the next few years, appellant was convicted of another offense in Kansas and then extradited back to Texas. He was charged with another offense in Texas, and his case was assigned to the 338th District Court. In January 2020, the 338th District Court appointed an attorney, Thomas Martin, to represent appellant for several charged offenses, including this case. In March 2020, Davis wrote a letter to appellant informing him that "Martin was appointed to represent you and I was taken off the case." Davis testified by affidavit that he spoke with Martin, and Davis "was under the impression that [appellant's] case was being handled by Mr. Martin."

2

In December 2021, about six weeks before appellant's trial began, appellant sent a letter to the judge of the 338th District Court, which was filed with the district clerk. In the letter, appellant wrote that he objected to the replacement of Davis with Martin and that the trial court's arbitrary removal of Davis as his counsel violated his right to counsel and interfered with his attorney-client relationship. Appellant asked the court to reappoint Davis as appellant's counsel.

The trial court did not rule on appellant's request contained in the letter. The case proceeded to a jury trial with a different judge presiding. It is undisputed that no one—neither appellant, Davis, nor Martin—raised this issue with the court during any pretrial hearing or the trial.

Appellant raised this issue in a motion for new trial. At the hearing, the State argued among other things that Davis had not been removed as counsel; Martin had been appointed as additional counsel. The trial court denied the motion.

## B.    Legal Principles

Although an indigent defendant has no right to have the counsel of his or her choosing, the United States Constitution prevents a trial court from unreasonably interfering with the counsel already appointed. *See Stearnes v. Clinton*, 780 S.W.2d 216, 225 (Tex. Crim. App. 1989). "Once a valid appointment has been made, the trial court cannot arbitrarily remove him as attorney of record over the objections of the defendant and counsel." *Id.*; *see also Stotts v. Wisser*, 894 S.W.2d 366, 367 (Tex. Crim. App. 1995) ("Rather, there must be some principled reason, apparent from the record, to justify the trial judge's sua sponte replacement of appointed counsel.").

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1(a)(1). The record must also show that the trial court ruled on the matter, or the trial court refused to rule and the complaining party objected to the refusal. *See* Tex. R. App. P. 33.1(a)(2).

To be timely, a complaint must be made at a time when the trial court is in a position to do something about it—to give the trial court the opportunity to correct the error. *See Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). A complaint is timely if made at the earliest opportunity or as soon as the grounds for the objection become apparent. *Id.* at 823.

## C. No Preservation

The record does not show that appellant's December 2021 letter to the trial court was presented for a ruling or that the trial court made an explicit or implicit ruling regarding the request. "The mere filing of a motion with the trial court clerk does not equate to a request that the trial court rule on the motion." *In re Pete*, 589 S.W.3d 320, 322 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (quoting *In re craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding)). "Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court." *Id.* Thus, appellant did not preserve error by his December 2021 letter. Moreover, the trial court never ruled on appellant's request contained in his letter.

Having raised this issue for the trial court's consideration for the first time in a motion for new trial, appellant did not make this complaint as soon as the grounds became apparent or at a time when the trial court was in a position to

4

correct the error. Thus, his complaint based on the removal of Davis as his attorney was not timely made in the motion for new trial. *Cf. Torres v. State*, 424 S.W.3d 245, 256 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (holding that a Sixth Amendment Confrontation Clause complaint made for the first time in a motion for directed verdict and motion for new trial was not timely).

Appellant has not preserved error.

### D. No Error

Assuming for the sake of argument that the alleged error was preserved, the trial court could have found that Davis was not removed as counsel. The evidence shows that Davis believed he had been "taken off" the case and it was being "handled" by Martin. But no order of removal or withdrawal is contained in the record. *See* Tex. Code Crim. Proc. art. 26.04(j)(2) ("An attorney appointed under this article shall . . . represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record . . . ."). The record does not establish that the judge who appointed Martin intended to remove Davis as counsel. *Cf. id.* art. 26.04(c) (noting that a court "shall appoint one ***or more*** practicing attorneys to represent the defendant" (emphasis added)).

Deferring to the trial court's weight and credibility determinations, as we must, the trial court's denial of the motion for new trial on this ground was not an abuse of discretion.

Appellant's first issue is overruled.

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant contends that Martin rendered ineffective assistance because he (1) failed to preserve appellant's Sixth Amendment complaint regarding the removal of Davis as counsel; and (2) failed to properly investigate to formulate a defensive strategy for both phases of the trial and failed to communicate with appellant.

## A.   Legal Principles

To prevail on a claim of ineffective assistance, an appellant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the appellant prejudice—there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). An appellant must satisfy both prongs by a preponderance of the evidence. *Perez*, 310 S.W.3d at 893. Failure to demonstrate either deficient performance or prejudice will defeat the claim of ineffective assistance. *Id.*; *see also Strickland*, 466 U.S. at 697.

## B.   Sixth Amendment Issue

As noted above, the trial court could have found, based on this record, that Davis was not removed as counsel, so appellant's Sixth Amendment right to counsel was not violated. Martin, thus, was not deficient for failing to raise the issue with the trial court because "counsel need not perform a useless or futile act." *See Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005).

## C.     Investigation and Communication

Appellant complains that counsel (1) failed to fully investigate the complainant's bias towards appellant; (2) failed to file a motion for a DNA expert or consult with or call a DNA expert to testify; (3) failed to obtain a sexual assault nurse examiner expert to consult with or testify; (4) failed to obtain funds for an expert to evaluate appellant and provide mitigating testimony on punishment regarding appellant's alcoholism, depression, and post-traumatic stress disorder; and (5) failed to communicate with appellant more frequently or in person.

Appellant has not shown what favorable evidence could have been adduced with any additional investigation or hiring of experts, nor has appellant shown how additional or in-person communications between himself and Martin could have affected his case.[1]     Thus, appellant has not shown that but for any alleged deficiencies, the result of the proceeding would have been different. *See, e.g.*, *Parker v. State*, 462 S.W.3d 559, 565 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (no prejudice shown for failure to investigate the defendant's depression or alcoholism or failure to request the appointment of a medical expert when the defendant did not introduce evidence at the hearing on the motion for new trial that could have been used for mitigation); *Washington v. State*, 417 S.W.3d 713, 725 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (no prejudice shown for failure to investigate and retain consulting or testifying experts when the defendant did not show what mitigation evidence could have been adduced or how an expert would have benefited the defense).

Appellant's second issue is overruled.

---

[1] Appellant does not contend that counsel failed to communicate any specific information, such as a plea offer.

## IV. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Ken Wise
           Justice

Panel consists of Justices Wise, Zimmerer, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b)