# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00407-CV

---

### In re Phillip "Baby Shark" Scott

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Phillip "Baby Shark" Scott filed a request for Abuse-of-Discretion Review of the failure of the 22nd District Court of Comal County to review "many documents and habeas corpus applications in need of rulings but ignored." His requested relief is in the nature of a petition for writ of mandamus. *See* Tex. R. App. P. 52.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) that the relator seeks to compel a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is a relator's burden to provide a sufficient record to establish that the relator is entitled to relief. *Id.*

A relator who has established that his motions are properly pending must also show that his motions were properly presented to the trial court for rulings and show how long the motions have been pending since presentment. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Merely filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court and does not equate to a request that the trial court rule on the motion. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). The trial court is not required to consider any motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Relator has not shown that he is entitled to mandamus relief. He did not attach any file-stamped copies of the motions in question to establish their filing, has not established that he properly presented his motions to the trial court for rulings, and has not shown how long the motions have remained pending after presentment. In the absence of such a record, relator has not established that he is entitled to the extraordinary relief of a writ of mandamus.

Accordingly, we deny relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: June 28, 2024

2