

# NUMBER 13-24-00646-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ARMANDO MORA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva[1]**

By pro se petition for writ of mandamus, relator Armando Mora asserts that the trial court failed to rule on his motion for nunc pro tunc judgment within a reasonable period. We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (orig. proceeding); *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

"If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d

2

659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107. Whether a reasonable period has elapsed is dependent on the circumstances of each case. *In re Black*, 640 S.W.3d 894, 897 (Tex. App.—Amarillo 2022, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the State's response, the record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Here, relator has provided this Court with: (1) his motion for nunc pro tunc judgment, file-stamped August 7, 2024, along with his letter to the district clerk requesting the clerk to file his motion and "provide a copy to the Honorable Court and to whomever [is] legally entitled" to it; (2) his letter to the district clerk, file-stamped November 4, 2024, contending that the case summary did not accurately reflect his filings, including two letters of inquiry dated September 12, 2024, and October 15, 2024, regarding his motion for nunc pro tunc judgment, and requesting that the district clerk's office and trial court take judicial notice of his filings and respond accordingly; and (3) a partial copy of the case summary. However, relator has not included any documentation to show that the trial court received, was aware of, and was asked but refused to rule on relator's motion for nunc pro tunc judgment or any of his other filings. *See In re Ramos*, 598 S.W.3d at 473; *In re Pete*, 589 S.W.3d at 322; *In re*

*Craig*, 426 S.W.3d at 107. Accordingly, relator has not established the right to mandamus

relief. We deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
9th day of January, 2025.