

# NUMBERS 13-26-00129-CR, 13-26-00130-CR, 13-26-00131-CR, 13-26-00132-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOSE RAQUEL LERMA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina[1]**

Relator Jose Raquel Lerma has filed a pro se petition for writ of mandamus arising from trial court cause numbers CR-20-11178-D, CR-20-11179-D, CR-1229-21-L, and CR-1242-21-L in County Court at Law No. 4 of Hidalgo County, Texas, and docketed respectively in our appellate cause numbers 13-26-00129-CR, 13-26-00130-CR, 13-26-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

00131-CR, and 13-26-00132-CR. Relator asserts that the trial court has failed to timely rule on his "Notice of Place of Imprisonment and Speedy Trial Demand." We address relator's complaints in this single memorandum opinion in the interests of judicial efficiency and economy.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7.

"If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). A

relator seeking relief for the failure to rule must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107. Whether a reasonable period has elapsed is dependent on the circumstances of each case. *In re Black*, 640 S.W.3d 894, 897 (Tex. App.—Amarillo 2022, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus in each of these cause numbers.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of February, 2026.