

# NUMBER 13-26-00431-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE SAMUEL DUPREE BONNER

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron[1]**

Relator Samuel Dupree Bonner filed a pro se petition for writ of mandamus asserting that the trial court failed to perform its ministerial duty to rule on various motions in trial court cause number 94-2-3077 in the 24th District Court of Refugio County, Texas. Relator further filed a pro se motion asserting that he is entitled to a new trial in that same

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

cause number on the basis that parts of the record for his 1995 criminal conviction were lost or destroyed. *See* TEX. R. APP. P. 34.6(f).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7.

"If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). A relator seeking relief for the failure to rule must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex.

App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107. Whether a reasonable period has elapsed is dependent on the circumstances of each case. *In re Black*, 640 S.W.3d 894, 897 (Tex. App.—Amarillo 2022, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. Because relator's direct appeal of his conviction concluded more than thirty years ago, we lack jurisdiction to address relator's motion for a new trial; thus, we dismiss that motion for lack of jurisdiction. *See, e.g.*, TEX. R. APP. P. 21.4(a).

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of May, 2026.