**Petition for Writ of Mandamus Denied and Opinion and Concurring Opinions filed November 5, 2019.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-19-00710-CR

---

### IN RE ANDREW PETE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1535047**

---

### CONCURRING OPINION

Because the court can deny the petition based on Texas Rule of Appellate Procedure 52.3(k)(1)(A)—the lack of a proper appendix containing a certified or sworn copy of the documents showing the matter complained of, *i.e.*, the motions on which the respondent district judge has allegedly not ruled—I concur in the denial of relator's petition for writ of mandamus.

It is, therefore, unnecessary for the court to cite to *In re Henry* and *In re Craig*

in order to deny the petition. *Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (corrected op., per curiam) ("Relator also has not shown that his motion has been presented to the trial court nor has he shown how long the motion has been pending since presentment. The trial court is not required to consider a motion that has not been called to its attention by proper means."); *Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam) ("The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion."). *Henry* is a mandamus proceeding against a trial judge who allegedly had not ruled in the underlying criminal case on a criminal defendant's motion to compel a ruling on a motion to reduce sentence. *Craig* is a mandamus proceeding to compel the trial judge to rule in the underlying criminal case on a motion for judgment nunc pro tunc.

These opinions are part of a line of cases from the courts of appeals that purports to set out the procedure for motion practice in criminal courts. And it seems the foundation for those lines of cases is either civil cases or the presentment practice for motions for new trials in criminal cases. The problem with these cases is that (1) the legislature, not the judiciary, generally makes the rules of procedure in criminal cases and (2) the underlying motion in this original proceeding is not a motion for new trial. *See* Tex. Code Crim. Proc. Ann. art. 1.03 (setting out objects of the Code of Criminal Procedure); *see generally* 40 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* §§ 1:4-1:10 (3d ed. 2011). The Code of Criminal Procedure does provide that "the rules of the common law shall be applied and govern" if the Code "fails to provide a rule of procedure in any particular state of case which may arise," but I have found no cases which use article 1.27 to fashion a general requirement that motions be presented or that

2

incarcerated defendants be required to request that the court rule on filed motions.[1] Tex. Code. Crim. Proc. Ann. art. 1.27. I certainly have found no cogent explanation of how an incarcerated person, who presumably cannot get a bench warrant to appear in court, can bring a motion to the trial court's attention other than by filing a request for a hearing. And if the trial court is not responsible for knowing what motions have been filed, then how will filing a request for a hearing help unless there is a procedural rule that requires such a request?

*Henry* relies on civil cases. *In re J.B.H.*, No. 14-15-00114-CV, 2015 WL 732665, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2015, orig. proceeding) (mem. op., per curiam) (relator requested mandamus to compel trial judge to rule on motion to inspect and/or purchase certified copy of certification record in his juvenile case); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding) (relator requested mandamus to compel trial judge to "hold a hearing on said Motion on Interlocutory appeals (sic)"). *Craig* relies on criminal and civil cases for the cited proposition, "The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion." *See In re Sarkissian*, 243 S.W.3d 860, 860–61 (Tex. App.—Waco 2008, orig. proceeding) (mem. op.) (relator requested mandamus to compel trial judge to rule on motion for judgment nunc pro tunc in underlying criminal case); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) (relator inmate requested mandamus to compel trial judge to rule on various pretrial motions in underlying

---

[1] *See generally* 40 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 1:11 (3d ed. 2011). The origin of current article 1.27 goes all the way back to the Old Code 1856 Code of Criminal Procedure article 27: "Whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, and is therefore defective, the rules of the Common Law shall be applied and govern when they are not inconsistent with the general principles on which this system of procedure is founded." 1856 Code of Criminal Procedure § 1, art. 27, 1856 Tex. Crim. Stat. 4, 9, *repealed by* 1879 Penal Code and Code of Criminal Procedure, 16th Leg., R.S., § 3, 1879 Tex. Crim. Stat. n.p., 157.

civil case). *Sarkissian* relies on *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). *Chavez* arises out of a civil matter. It cites Texas Rule of Civil Procedure 74 regarding filing of papers with the clerk, without citing any portion of the Code of Criminal Procedure regarding motion practice.[2]

Civil courts expect litigants either to set motions for a hearing or to set them for submission without a hearing, and civil courts have local rules governing this process. *See* Tex. R. Civ. P. 3a (authority to make local rules for civil cases in trial courts and requirement that those local rules be approved by Supreme Court of Texas). To the extent that criminal courts have inherent authority to adopt procedural rules, this court is not considering those rules. *See* Harris (Tex.) Crim. Dist. Ct. Loc. R. 6.23 (rule regarding Motions/Pre-Trial Hearings/Pre-Trial Matters). Even if the court did consider the Harris County local rules, rule 6.23[3] gives no guidance in this situation, and this court has not addressed any common-law procedure in light of article 1.27. Finally, I note that the Court of Criminal Appeals has used its rulemaking power in posttrial, appellate, and review procedure in criminal cases under Government Code section 22.108 to promulgate a specific presentment rule for motions for new trial, but Texas Rule of Appellate Procedure 21.6 is inapplicable

---

[2] I do not know of an equivalent procedural provision for motion practice in the Code of Criminal Procedure, in which case article 1.27 may apply.

[3] Rule 6.23 states:

> This setting is for the purpose of hearing all pre-trial motions. All motions must be filed in accordance with the statute, and motions not timely filed may be filed only with permission of the Court. Failure to comply with this rule will result in a trial setting if the case is not otherwise disposed of.

> All applications for subpoenas must be filed at least ten days prior to trial. Failure to comply will be cause for the Court to find a failure to exercise due diligence.

Harris (Tex.) Crim. Dist. Ct. Loc. R. 6.23.

to the kinds of motions relator claims he has filed. Tex. Gov't Code Ann. § 22.108; Tex. R. App. P. 21.6. To the extent that the procedure for motions for new trials was statutory until the promulgation of the Texas Rules of Appellate Procedure,[4] applying the presentment practice to other motions would not seem to be authorized by the Code of Criminal Procedure.

I acknowledge that this court has precedent in which civil procedure and motion-for-new-trial criminal procedure have been engrafted on criminal cases, with particular emphasis on denying original proceedings filed by incarcerated criminal defendants who seemingly cannot get rulings on motions from trial judges in criminal proceedings. If this is the law, then it is law seemingly built on little or nothing. And whether it be in a civil or a criminal case, I believe that the basis for the appellate writings on this issue should be the underlying procedural statute or rule, not a mere pronouncement of procedure. Due process and due course of law require notice, an opportunity to be heard, and a ruling. A procedure that sets forth no clear path to a ruling seems to me to be a poor use of judicial resources.

The other reality is that many of the motions filed in criminal cases by incarcerated persons are filed after the trial court no longer has jurisdiction or are filed during a period of time when that person is represented by a lawyer. Trial judges should dismiss those motions promptly, and rule on the remaining motions properly before the court. The Code of Judicial Conduct states, "[a] judge shall hear

---

[4] Act of June 6, 1951, 52d Leg., R.S., ch. 464, § 1, 1951 Tex. Gen. Laws 818, 818 (1925 Code of Criminal Procedure art. 755), *recodified and repealed by* Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 40.05 (codification), 54.02, § 1(a) (repealer), [2] 1965 Tex. Gen. Laws 317, 477 (recodification), 563 (repealer), *repealed by* Tex. R. App. P. 31(c), 11 Tex. Reg. 1939, 1944, 49 Tex. B.J. 558, 564 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986) (*see* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2472–73 (authorizing promulgation of Texas Rules of Appellate Procedure and repeal of portions of Code of Criminal Procedure)) (current version at Tex. R. App. P. 21.6).

and decide matters assigned to the judge" and "should dispose of all judicial matters promptly, efficiently and fairly." Tex. Code Jud. Conduct, Canon 3(B)(1), (9), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G, app. B. If procedural rules need to be adopted to establish a process so the judge can discharge these duties, then trial courts should adopt such rules and the Supreme Court of Texas should consider appropriate amendments to the Rules of Judicial Administration. *See* Tex. Gov't Code Ann. § 74.024.

Because there is a simple reason to deny the petition—Texas Rule of Appellate Procedure 52.3(k)(1)(A)—and it serves no point to keep repeating our existing case law that seemingly leads nowhere except the denial of original proceedings, I concur.


/s/     Charles A. Spain
        Justice


Panel consists of Justices Christopher, Spain, and Poissant. (Spain, J., concurring). (Poissant, J., joining both the Opinion and Concurring Opinion).

Publish—Tex. R. App. P. 47.2(b).