

# NUMBER 13-22-00365-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHRISTOPHER WAYNE HOLT

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

Relator Christopher Wayne Holt filed a pro se petition for writ of mandamus in the

above-referenced cause through which he asserts in four issues, with multiple sub-issues,

that: (1) the trial court abused its discretion by failing and refusing to rule on relator's

motions; (2) relator cannot obtain relief without a hearing; (3) the facts and circumstances

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

of the case demonstrate the elapsed period to be unreasonable; and (4) the trial court's refusal to timely consider and rule on relator's motions "forces an impossible condition" upon relator. Relator has also filed a motion for emergency temporary relief requesting the same relief that he has requested in his petition for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *see Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Stated otherwise, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107.

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444

3

S.W.3d at 748; *In re Blakeney,* 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748–49; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228–29.

The Court, having examined and fully considered the petition for writ of mandamus, the record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. First, relator's petition for writ of mandamus fails to meet the foregoing requirements insofar as it does not state concisely and without argument the facts pertinent to the issues or points presented, *see* TEX. R. APP. P. 52.3(g); each statement of fact in the petition is not supported by citation to competent evidence included in the appendix or record, *see id.*; and the petition does not contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record, *see id.* R. 52.3(h).[2] Second, relator has not established that the trial court has abused its discretion. *See, e.g., In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 257–58 (Tex. App.—El Paso 2021, orig. proceeding) ("We . . . recognize that courts have inherent authority to manage their dockets."); *In re Marriage of Harrison*, 557 S.W.3d 99, 137 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("The judge, not the litigant, controls the trial court docket."); *In re State ex rel. Skurka*, 512 S.W.3d 444,

---

[2] We further note that appellant's appendix is not properly tabbed or indexed and fails to contain fully functional bookmarks. *See* TEX. R. APP. P. 52.3(k) (regarding the appendix to an original proceeding); *id.* R. 9.4(h) (governing the form for an appendix and a record in an original proceeding). And, instead of filing a mandamus record under Texas Rule of Appellate Procedure 52.7, relator filed a clerk's record as prepared by the district court. *See id.* R. 52.7 (delineating the requirements for the mandamus record); *id.* R. 34.5 (governing the clerk's record on appeal).

452 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding) ("The control of the business of the court is vested in the sound discretion of the trial judge."). Accordingly, we deny the petition for writ of mandamus and the motion for emergency temporary relief. Our ruling regarding this petition for writ of mandamus is without prejudice as to any further original proceedings that might be presented on this topic in the future.

JAIME TIJERINA
Justice

Delivered and filed on the
10th day of August, 2022.