

# NUMBER 13-24-00586-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE REIDIE JAMES JACKSON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Tijerina[1]**

On December 2, 2024, relator Reidie James Jackson filed a pro se petition for writ of mandamus through which he asserts that the trial court has failed to comply with its ministerial duty to rule on motions "that are essential to execution of the [s]ettlement [a]greement [c]ontract." Relator has also filed a motion for accelerated review of his petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

"Mandamus is intended to be an extraordinary remedy, available only in limited circumstances." *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Apps.*, 581 S.W.3d 189, 193 (Tex. Crim. App. 2018) (orig. proceeding). In a criminal case, the relator must establish both that the act sought to be compelled is a ministerial act, not involving a discretionary or judicial decision, and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d at 927; *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k) (delineating the required contents for the appendix in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

To obtain mandamus relief for the trial court's refusal to rule on a motion, the relator must establish: (1) the motion was properly filed and has been pending for a reasonable

2

time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Stated otherwise, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this regard, merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107. Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228.

The Court, having examined and fully considered the petition for writ of mandamus, the record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Here, relator has provided this Court with: (1) a copy of a June 28, 2024 letter from the District Clerk of Matagorda County, Texas, indicating the receipt and filing of relator's "Motion for Execution of Settlement Agreement," and (2) a copy of

3

relator's "Motion for Immediate Release Pursuant [to] Settlement Contract," which is not file-stamped. In short, relator has not included any documentation to show that the trial court received, was aware of, and was asked but refused to rule on any motions. Accordingly, relator has not established the right to mandamus relief. We deny the petition for writ of mandamus. We dismiss the motion for accelerated review as moot.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
12th day of December, 2024.

4