

# NUMBER 13-25-00318-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE ALBERTO GUTIERREZ

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Fonseca
### Memorandum Opinion by Chief Justice Tijerina[1]

Relator Alberto Gutierrez filed a pro se petition for writ of mandamus through which he seeks to compel the trial court[2] to rule on his motions for DNA testing and the appointment of counsel in cause number 22-10-13,939 in the 24th District Court of DeWitt County, Texas. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (governing motions for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] We note that relator seeks mandamus relief against the Honorable Jack Marr; however, Judge Marr retired and is no longer on the bench. The current judge of the 24th District Court of DeWitt County, Texas, is the Honorable Lisa Harvey-Moore. *See id.* R. 52.2.

forensic DNA testing). Relator previously filed a direct appeal from this same cause number, and we modified the judgment and affirmed his conviction. *See Gutierrez v. State*, No. 13-23-00360-CR, 2024 WL 1787905, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 25, 2024, no pet.) (mem. op., not designated for publication).

"Mandamus is intended to be an extraordinary remedy, available only in limited circumstances." *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Apps.*, 581 S.W.3d 189, 193 (Tex. Crim. App. 2018) (orig. proceeding). In a criminal case, the relator must establish both that the act sought to be compelled is a ministerial act, not involving a discretionary or judicial decision, and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d at 927; *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k) (delineating the required contents for the appendix in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.]

1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

"If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). A relator seeking relief for the failure to rule must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam); *In re Craig*, 426 S.W.3d 106, 106–07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Merely filing a document with the district clerk neither imputes the clerk's knowledge of the filing to the trial court nor equates to a request that the trial court rule on the motion. *In re Pete*, 589 S.W.3d at 322; *In re Craig*, 426 S.W.3d at 107. Whether a reasonable period has elapsed is dependent on the circumstances of each case. *In re Black*, 640 S.W.3d 894, 897 (Tex. App.—Amarillo 2022, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not

met his burden to obtain relief. Here, relator has not met his burden to establish that the trial court was asked to rule and failed or refused to rule within a reasonable time. *See In re Pete*, 589 S.W.3d at 321; *In re Craig*, 426 S.W.3d at 106–07. Accordingly, relator has not established the right to mandamus relief. We deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
12th day of June, 2025.

4